IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

BENCH WALK LIGHTING LLC,
        Plaintiff,
   v.

EVERLIGHT ELECTRONICS CO., LTD.,
        Defendant.

Civil Action No. 20-cv-49-RGA

MEMORANDUM ORDER

Before me is Plaintiff's motion to strike Defendant's seven affirmative defenses pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. (D.I. 20). For the following reasons, Plaintiff's motion is granted only for the third affirmative defense of "waiver, estoppel, and/or unclean hands" and denied for all other affirmative defenses pled by Defendant.

Plaintiff Bench Walk Lighting filed a complaint for patent infringement against Defendant Everlight Electronics on January 14, 2020. (D.I. 1). Defendant filed an answer to Plaintiff's complaint alleging seven affirmative defenses: 1) invalidity; 2) license and patent exhaustion; 3) waiver, estoppel, and unclean hands; 4) barred damages and costs; 5) no entitlement to injunctive relief; 6) 28 U.S.C. § 1498; and 7) prosecution history estoppel. (D.I. 14). Plaintiff filed a motion to strike all of Defendant's affirmative defenses. (D.I. 20).

Federal Rule of Civil Procedure 12(f) provides, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). While the Court has discretion to grant or deny a motion to strike a pleading, "[m]otions to strike are generally disfavored and ordinarily are denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Sun Microsystems, Inc. v. Versata Enters., Inc.*, 630 F. Supp. 2d 395, 402 (D. Del. 2009) (internal

citations and quotation marks omitted); *see Aoki v. Benihana Inc.*, 839 F. Supp. 2d 759, 764 (D. Del. 2012). In general, the *Twombly/Iqbal* standard under Rule 8(a) does not apply to affirmative defenses, "which need not be plausible to survive" so long as they "provide fair notice of the issue involved." *Senju Pharm. Co. v. Apotex, Inc.*, 921 F. Supp. 2d 297, 303 (D. Del. 2013) (internal citations and quotation marks omitted). In contrast, the equitable affirmative defenses of waiver, estoppel, and unclean hands must be plead with particularity under Rule 9(b). *See Sonos, Inc. v. D&M Holdings Inc.*, 2016 WL 4249493, at *4-5 (D. Del. Aug. 10, 2016).

Plaintiff asserts that Defendant's affirmative defenses should be stricken based on factual deficiency. (D.I. 21 at 1). Regarding the equitable defenses which must be plead with particularity under Rule 9(b), the Court agrees that Defendant has not pled sufficient (or, indeed, any) facts to support the third affirmative defense of waiver, estoppel, and unclean hands. Consequently, Plaintiff's motion to strike the third affirmative defense of waiver, estoppel, and unclean hands is granted with leave to amend. Conversely, other affirmative defenses do not need to meet the *Twombly/Iqbal* standard under Rule 8(a) and this Court concludes that Defendant's other affirmative defenses provide fair notice to Plaintiff and are adequately pled. *See Senju Pharm. Co.*, 921 F. Supp. 2d at 303. Under Rule Federal Rule of Civil Procedure 8(c), Defendants are required to "affirmatively state any . . . affirmative defense" and "[f]ailure to raise an affirmative defense by responsive pleading or by appropriate motion generally results in the waiver of that defense." *Charpentier v. Godsil*, 937 F.2d 859, 863 (3d Cir.1991). The Court disagrees with Plaintiff's assertion that maintaining the affirmative defenses "subjects Plaintiff to an unfair risk of surprise and undue prejudice." (D.I. 21 at 3). Indeed, "[t]he purpose of requiring the defendant to plead available affirmative defenses in his answer is to avoid surprise

and undue prejudice by providing the plaintiff with notice and the opportunity to demonstrate why the affirmative defense should not succeed." *Robinson v. Johnson*, 313 F.3d 128, 134-35 (3d Cir. 2002).

For the reasons set forth above, I grant Plaintiff's motion to strike the third affirmative defense of waiver, estoppel, and unclean hands without prejudice to Defendant. The motion to strike is denied as it applies to the other six affirmative defenses.

IT IS SO ORDERED this 31 day of August 2020.

/s/ Richard G. Andrews___
United States District Judge